IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 7, 2007 Session

## CLEAR CHANNEL OUTDOORS, ET AL. v. TENNESSEE DEPARTMENT OF TRANSPORTATION

### Appeal from the Chancery Court for Davidson County
No. 05-1839-II   Carol L. McCoy, Chancellor

---

### No. M2006-02322-COA-R3-CV - Filed February 13, 2008

---

This appeal is from a final order in a proceeding for judicial review of an administrative decision pursuant to Tenn. Code Ann. § 4-5-322. The Tennessee Department of Transportation ("TDOT") filed this action claiming that a billboard which was rebuilt by the defendants after it was blown down in a storm did not meet the requirements of the regulation governing reconstruction of storm-damaged billboards. Following a hearing, the Administrative Law Judge determined that the rebuilt billboard violated the applicable regulation and ordered its removal. The decision was affirmed by the TDOT Commissioner ("the Commissioner"), and later by the Chancery Court for Davidson County ("the Trial Court"). On appeal, we find that the Trial Court did not have the necessary administrative record before it as required when it reviewed this case. Because the Trial Court's review is limited to the administrative record, Tenn. Code Ann. § 4-5-322(g), and the complete administrative record was not available to the Trial Court, we vacate the Trial Court's judgment and remand for a new review to be conducted after the full administrative record is filed with the Trial Court. We vacate and remand.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated; Case Remanded

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P.J., M.S., and ROSS H. HICKS, SP.J., joined.

Arvin H. Reingold, Chattanooga, Tennessee, for the Appellants, Clear Channel Outdoors and George and Katherine Morgan.

Robert E. Cooper, Attorney General & Reporter, and Bruce M. Butler, Assistant Attorney General, Nashville, Tennessee, for the Appellee, Tennessee Department of Transportation.

**MEMORANDUM OPINION**[1]

More than twenty years ago, a billboard ("the Old Billboard") was constructed along Interstate 24 in Hamilton County on property owned by George and Katherine Morgan. The billboard is owned by Clear Channel Outdoors (formerly known as Eller Media Company) ("Clear Channel")[2]. Because the Old Billboard was in place when the General Assembly enacted the Billboard Regulation and Control Act of 1972, which governs outdoor advertising in Tennessee, the Old Billboard was permitted to remain as a grandfathered nonconforming sign.

The Old Billboard, which was built on wood posts with a metal face, was blown down in a storm on September 6, 1998. Three days later, Clear Channel requested permission from TDOT to rebuild the Old Billboard. TDOT granted permission in a letter which stated, in part, that "the sign may be rebuilt in its exact location using like materials to its original size and height." The letter also stated that TDOT's records indicated that the Old Billboard was built on wood posts.

The replacement billboard ("the New Billboard") constructed by Clear Channel had a single metal pole and a wooden face. TDOT brought this action against Clear Channel and George and Katherine Morgan (collectively "Defendants") alleging that the New Billboard had lost its status as a grandfathered structure because it was not built with "like materials" as required by TDOT regulations, and therefore, must be removed. Following an administrative hearing ("the Administrative Hearing"), the Administrative Law Judge issued an Initial Order that the New Billboard violated the regulations and had to be removed within thirty days of the Initial Order becoming a final order. The Commissioner upheld the Initial Order and terminated Defendants' permit for the Old Billboard.

Pursuant to Tenn. Code Ann. § 4-5-322, Defendants appealed the Commissioner's ruling to the Trial Court, which affirmed the Final Order entered by the Commissioner. Defendants appeal the Trial Court's judgment to this Court.

At oral argument, we informed counsel that the appellate record did not include the transcript from or exhibits introduced at the Administrative Hearing, and we suggested that counsel for both parties take appropriate action to supplement the record. After later discovering that these items may not have been filed with the Trial Court, we entered an order requiring the parties, within thirty days, either: 1) to obtain an order from the Trial Court supplementing the appellate record if the transcript and exhibits from the Administrative Hearing were, in fact, filed with and relied upon by the Trial Court; or 2) to show cause why we should not remand this case if those portions of the

---

[1]Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

[2]For the sake of consistency and to reduce confusion, we will refer to both Clear Channel Outdoors and its predecessor company, Eller Media Company, as "Clear Channel."

Administrative Record were not filed in the Trial Court.

On January 14, 2008, TDOT responded to our Order to Show Cause by stating that "the Chancery Court Clerk has advised that Chancellor McCoy has not entered the parties' Agreed Order Supplementing the Appellate Record because the Chancellor does not believe that she reviewed or relied on the transcripts and exhibits from the Administrative Record," and therefore, TDOT does not object to this Court remanding the case to the Trial Court.

Tennessee Code Annotated § 4-5-322(g) requires that a Trial Court's review of a decision rendered by an administrative agency "shall be confined to the [administrative] record." Having received no confirmation that the Trial Court possessed the complete Administrative Record when it reviewed the Commissioner's ruling, we vacate the Trial Court's decision and remand for proceedings consistent with Tenn. Code Ann. § 4-5-322. As it is TDOT's responsibility to provide the Trial Court with the complete Administrative Record pursuant to Tenn. Code Ann. § 4-5-322(d), we also order TDOT to file the remainder of the Administrative Record with the Trial Court so that the Trial Court may conduct a proper review of this matter.

## Conclusion

After careful review, we vacate the decision of the Trial Court and remand for the Trial Court to conduct a new review of the Commissioner's ruling after the full Administrative Record has been filed with the Trial Court. To facilitate this review, we also order TDOT to file the remaining portions of the Administrative Record with the Trial Court no later than thirty days after the filing of our Mandate in this case. Costs on appeal are taxed against the Appellee, the Tennessee Department of Transportation.

_____
D. MICHAEL SWINEY, JUDGE

-3-